Bayofski v. Rosenberg et al., 194 Ill. App. 609.

## Morris Bayofski by Benjamin Bayofski, Appellee, v. Morris Rosenberg and Nathan D. Rosenberg, Appellants.

### Gen. No. 20,825.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Morris Bayofski, by Benjamin Bayofski, his next friend, plaintiff, against Morris Rosenberg and Nathan D. Rosenberg, defendants, in the Superior Court of Cook county, to recover for personal injuries. From a judgment for $1,500 for plaintiff, defendants appeal.

Plaintiff, a boy five years old and residing with his father, was injured on December 31, 1911, by falling from a porch.

The declaration alleged, in substance, that on the day of the accident defendants were the owners of the building in question, a three-story apartment house, situated at the corner of West Taylor and Laflin streets in Chicago, and as such had the control of the porch or platform in question, and the stairway and railing appurtenant thereto, which porch formed the means of entering and leaving the apartments in the building, and was used in common by lessees of such apartments, one of whom was plaintiff's father, whose apartment was in the rear on the second floor; that it was the duty of defendants to keep the same in a reasonably safe condition, but that they negligently permitted the same to become unsafe and out of repair, which defendants knew or by the use of reasonable care might have known; that on the day aforesaid, the railing was defective, so that while plaintiff, in the exer-

cise of due care, was standing near or against the railing on the porch, the same gave way, causing plaintiff to fall or be thrown from the platform to the ground, a distance of twenty feet or more, whereby his head and body were lacerated and bruised, and he was otherwise greatly injured, etc.

It appeared from the evidence that the building fronted north on West Taylor street, and ran back along the east side of Laflin street about seventy-five feet. There were three platforms or porches in the rear, one for each floor, about seven feet wide, running the entire width of the rear of the building. The stairs of each porch rose from the westerly or Laflin street side, and the top landing of each flight of stairs was about twenty-five feet from the west end of each porch. The porches and stairs were used in common by all tenants, including the Bayofski family, who lived in the rear apartment on the second floor. The railing in question was on the second floor porch at the Laflin street end thereof, and was of the ordinary sort, constructed of wood, three and one-half to four feet high, with a top board and small perpendicular palings, with spaces between. It was even with the west line of the building and at its inner end was fastened to the building, and at its outer end to an upright post or column which supported the porches.

The testimony of several of plaintiff's witnesses tended to show that plaintiff was leaning against and over the railing, when the entire west end thereof gave way and plaintiff and the railing fell to the sidewalk. One witness for defendants, a helper in a blacksmith's shop directly across Laflin street, testified that he saw plaintiff climb on the railing and fall to the ground, saw persons carry the child away, and then, in about eight minutes saw a man "push the railing with his side * * * and it fell over." The testimony was conflicting on the questions whether defendants had actual

or constructive notice of the defective condition of the railing.

Plaintiff's injuries consisted in a slight fracture of the skull, and cuts and lacerations of the head. He was unconscious for a short time after the fall, and was taken to a hospital, where he remained for eight days. Neighbors testified that three or four weeks after the accident, and subsequently, plaintiff was seen playing around as usual, and in apparent good health.

ISIDORE FRIED and AARON R. EPPSTEIN, for appellants.

FRANCIS X. BUSCH and FRED PLOTKE, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 390*—*when ownership not put in issue.* Where a declaration alleges that personal injuries sued for were caused by the breaking of a defective porch rail in defendant's apartment house, and that defendants had control of such porch, a plea of the general issue does not put in issue the question whether defendants were owners of the building and had control of the porch.

2. LANDLORD AND TENANT, § 230*—*where evidence sufficient to support verdict for injury by porch rail breaking.* In an action to recover for personal injuries caused by the breaking of a defective porch railing in defendants' apartment house where plaintiff's father, with whom he resided, was one of the tenants, the breaking of which railing caused plaintiff to fall to the ground, a distance of about twenty feet, evidence *held* to support a verdict finding defendants guilty of negligence in maintaining such railing in such porch, it appearing that defendants had control thereof, and although the evidence was conflicting as to whether defendants had actual or constructive notice of the defect.

3. DAMAGES, § 120*—*when $1,500 excessive for injury to child.* In an action to recover for personal injuries caused by falling from the porch of an apartment house, a verdict of $1,500 for plaintiff *held* excessive to the amount of $750, it appearing that plaintiff was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a child five years of age, and that the injuries were lacerations of the head and slight fracture of the skull, causing unconsciousness for a short time, and necessitating hospital treatment for eight days, and it also appearing that within three or four weeks after the accident, and subsequently, neighbors saw plaintiff playing around evidently in good health.

---

William S. Douglas, Appellant, v. William E. Dee, Appellee.

Gen. No. 20,841.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Adelor J. Petit, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by William S. Douglas, plaintiff, against William E. Dee, defendant, in the Circuit Court of Cook county, on appeal from a judgment of a justice of the peace of Cook county, to recover a commission for the sale of a truck, under a contract that defendant should pay plaintiff, as a commission for the sale, any amount in excess of $1,550 for which the truck should be sold. The sale was made for $1,875. After a trial by jury in the Circuit Court, and verdict for plaintiff for $240, defendant moved for a new trial and to dismiss for want of jurisdiction, and the court allowed both motions. From a judgment for defendant for costs, plaintiff appeals.

Charles Kramer and John S. Dornblaser, for appellant.

John M. Quinlan, for appellee.